and minerals found in the premises described in and covered by the grant became, I think, the property of the relator. If thereafter it should be desired in the interest of some public improvement to change the location of this tunnel or to otherwise use the place occupied by it, I think that could not be compelled without making just compensation to the relator. A street or steam railroad may be required at its own expense at any time in the interest of the public to change the location of its track in, upon, over, or under a public street or highway or crossing. That makes an important distinction between the character of rights or grants that the Legislature intended to designate special franchises and private grants of part of the right of way even though through public lands not held or needed for public use. In the one case the use is of public grounds together with the public, and in the other of private premises exclusive of the public. The special franchise tax law was grafted onto the general tax law by chapter 712, Laws 1899, which was entitled "An act to amend the tax law with relation to the taxation of public franchises as real property." The object of the Legislature was to extend taxation to public franchises, which theretofore escaped taxation. People ex rel. Met. St. Ry. v. Tax Com'rs, 174 N. Y. 417, 67 N. E. 69, 63 L. R. A. 884, 105 Am. St. Rep. 674. The word "franchises" was used in the ordinary signification of that word and has reference to a grant made by the Legislature itself or by some official body, board, or officer clothed with authority by delegation from the Legislature to represent the people in granting or completing the grant of a public franchise. See People ex rel. Retsof Mining Co. v. Priest, 75 App. Div. 131, 77 N. Y. Supp. 382, affirmed 175 N. Y. 511, 67 N. E. 1088; People ex rel. N. Y. C., etc., Co. v. Gourley, supra.

I am of opinion therefore that the right of way and the tunnel and railroad constructed therein pursuant to the patent from the state did not constitute a special franchise and are not taxable by the State Board of Tax Commissioners, but by the commissioners of taxes and assessments of the city of New York as ordinary real property held and used by a railroad company for the purposes of its incorporation, as before the enactment of the special franchise tax law. Section 2, subd. 3, and sections 3, 9, and 49, Tax Law, and Buffalo & State Line R. Co. v. Supervisors of Erie County, 48 N. Y. 93.

I therefore vote to reverse the order and to remit the proceeding to the Special Term for a further hearing.

---

### NEWMAN v. STEWART et al.

(Supreme Court, Trial Term, New York County. February 28, 1911.)

1. DEAD BODIES (§ 1*)—DISSECTION—RIGHTS OF HOSPITALS—STATUTES.
   Under section 2213 of the Penal Law (Consol. Laws, c. 40), as extended by section 316 of the Public Health Law (Consol. Laws, c. 45), permitting hospitals to deliver corpses to medical colleges with the assent of relatives or friends, the consent of relatives must be obtained if they can

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be found, and reasonable inquiry must be made therefor before the assent of friends will suffice.

[Ed. Note.—For other cases, see Dead Bodies, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*]

2. DEAD BODIES (§ 1*)—DISSECTION—RIGHTS OF HOSPITALS—STATUTES.

Where it was not shown what, if any, effort was made to discover the relatives of a deceased person, except that the name of a woman was entered as "friend" in the hospital records, it was not a compliance with Penal Law (Consol. Laws, c. 40) § 2213, as extended by section 316 of the Public Health Law (Consol. Laws, c. 45), permitting hospitals to deliver corpses to medical colleges with the assent of relatives or friends.

[Ed. Note.—For other cases, see Dead Bodies, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*]

Action by Cora Newman against George T. Stewart and another. Judgment for plaintiff. Defendants move for new trial. Motion denied.

Jacob Friedman, for plaintiff.
A. R. Watson, for defendants.

FORD, J. Under section 2213 of the Penal Law (Consol. Laws, c. 40), dissection of a human body may be performed with the consent of the husband, wife, or next of kin. This is extended by section 316 of the Public Health Law (Consol. Laws, c. 45), so as to permit hospitals to deliver corpses to medical colleges with the assent of "relatives or friends." A reasonable construction of this provision is that the consent of relatives must be obtained if they can be found, and that reasonable inquiry must be made to find them. Only in case they cannot be found will the assent of "friends" suffice. The evidence in this case did not disclose what, if any, effort was made to discover the relatives of the deceased, beyond the fact that the name of a woman was entered as "friend" in the hospital records. Her consent was obtained, and the post mortem examination made in reliance upon it.

This was not a compliance with the law, and the motion to set aside the verdict and for a new trial must be denied.

---

MacQUOID v. QUEENS ESTATES et al.

(Supreme Court, Appellate Division, Second Department. February 17, 1911.)

1. USURY (§ 83*)—DEFENSE—RIGHTS OF MINORITY STOCKHOLDERS TO INTERPOSE.

Under General Business Law (Consol. Laws, c. 20) § 374, denying to a corporation the right to interpose the defense of usury in an action against it, a minority stockholder may not sue to set aside a bond and mortgage executed by the corporation, on the ground that it provided for usurious interest.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 163–166; Dec. Dig. § 83.*]

2. CORPORATIONS (§ 472*)—BONDS—SALE FOR LESS THAN PAR.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes