MARY BURKE and Others, Appellants, *v.* NEW YORK UNIVERSITY, Respondent.

First Department, April 29, 1921.

Dead bodies — complaint stating cause of action for unlawful dissection of body — duty of authorities at morgue and at university to which body transferred to ascertain existence of relatives — necessary allegations of complaint in action for wrongful dissection — dissection without consent wrongful act under common law — justification under statute for dissection of body properly pleaded as affirmative defense — cremation instead of burial after dissection, as provided by Penal Law, § 2215, is wrongful act — complaint stating cause of action for cremation of body.

A complaint states a cause of action for unlawful dissection of a body, where it is alleged that the body of the plaintiffs' father on the day of his death at a hospital was transferred to a morgue; that, although ten days thereafter a death certificate was filed and a permit for burial in the city cemetery issued, the body was turned over by the authorities

at the morgue to the defendant university authorized to receive the same under certain circumstances; that thereafter, without notice to the plaintiffs and without their permission or consent, the body was.dissected and the remains cremated, and that plaintiffs left an address where they might learn anything that happened to their father.

While it was the duty of the authorities at the morgue to endeavor to ascertain whether there were any relatives or friends of the deceased existing, there was also an obligation upon the defendant to make reasonable inquiry to accomplish the same object.

Under the circumstances it was only necessary for the plaintiffs to allege the dissection of the body without their consent, and it was for the defendant to plead the facts which justified such a dissection.

The dissection of a human body without the consent of the relatives or friends is under the common law a wrongful act.

If the defendant would justify such an act under any special statute the facts bringing it within said statute and authorizing the act are properly pleaded as an affirmative defense, and those facts need not be negatived in the complaint which is sufficient if a wrong under the common law has been alleged.

However, irrespective of the statement of the cause of action for dissection, the complaint stated a cause of action for the cremation of the body, since under section 2215 of the Penal Law it is provided that after dissection the body shall be buried.

APPEAL by the plaintiffs, Mary Burke and others, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 13th day of February, 1920, upon the decision of the court rendered after a trial at the New York Special Term sustaining defendant's demurrer to the complaint and dismissing the complaint upon the merits.

*James F. O'Neill* of counsel [*Mann Trice*, attorney], for the appellants.

*Francis W. Aymar*, for the respondent.

SMITH, J.:

The complaint alleges that the plaintiffs are the only next of kin, the sons and daughter of one John Barry, and that he died on the 19th day of December, 1917, and at the time of his death he was in the Central Neurological Hospital, on Blackwell's Island, and his body was transferred on that day to the morgue in the city of New York; that on the

twenty-ninth of December following a death certificate was filed in the health department and a burial permit for burial in the city cemetery was issued. On that date the body was not buried, but was turned over by the authorities at the morgue to the defendant corporation. This was a corporation authorized to receive the body under certain circumstances under the statute that will be referred to. It was held by them until February 19, 1918, at which time the body was dissected and the remains cremated. It is further alleged that the plaintiffs were left in ignorance even of the death of their father, and upon ascertaining the fact they demanded the body and were informed that it had been disposed of; that they never gave any permission or consent to the dissection of the body, and the complaint alleges that such dissection and destruction of the remains were unlawful acts of the defendant. It is further alleged that they left an address where they might learn anything that happened to their father. It does not allege where this address was left. It is alleged that they were Catholics and that they were prevented from interring the remains in consecrated ground, and the feelings of the daughter and sons were outraged and they were greatly shocked and were greatly outraged in their religious feelings in respect to the mutilation and destruction of the corpse of their father, and $25,000 is demanded.

The demurrer served by the defendant was sustained, the court holding that the complaint did not state a cause of action.

The defendant claims its right to dissect under section 316 of the Public Health Law (as amd. by Laws of 1913, chap. 335), which requires any hospital or morgue having any uninterred corpse in its lawful possession for keeping or burial, which has not been placed therein in the usual manner by relatives or friends for that purpose, to deliver such corpse under specified conditions to any university of the State having a medical preparatory or medical post-graduate course. It is provided, however, that " No corpse shall be so delivered *or received* if desired for interment by relatives or friends within forty-eight hours after death, or if known to have relatives or friends without the assent of such relatives or

friends; or of a person who shall have expressed a desire in his last illness that his body be interred, but the same shall be buried in the usual manner."

The Special Term held that the primary duty of endeavoring to ascertain whether there were relatives or friends rested with the authorities at the morgue and did not rest with the defendant before receiving this corpse for dissection. (110 Misc. Rep. 27.) I think, however, that there is also an obligation upon the medical school or university to make reasonable inquiry. There is no allegation in the complaint that they failed to make reasonable inquiry.

The contention of the plaintiffs is that all that it was necessary to do was to allege a dissection without their consent and that it was for the defendant to plead the facts which justified such a dissection. This contention is, I think, well made. The dissection of a human body without the consent of the relatives or friends is under the common law a wrongful act. If the defendant would justify that act under any special statute, the facts that would bring the defendant within the statute and authorize the act are properly pleaded as an affirmative defense. Those facts need not be negatived in the complaint, which is sufficient if a wrong under the common law has been alleged. (*Darcy* v. *Presbyterian Hospital,* 202 N. Y. 259.)

Irrespective, however, of the statement of the cause of action for the dissection, the complaint states a cause of action for the cremation of the body. Under section 2215 of the Penal Law, it is provided that after dissection the body shall be buried. The cremation of the body was, therefore, clearly a wrongful act, and is, I think, just as actionable as the dissection itself.

The judgment must, therefore, be reversed, with costs, and the demurrer overruled, with costs, with leave to defendant to withdraw the demurrer and to answer on payment of said costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.