Brokerage Company; that thereafter S. Sklaroff & Sons, of Philadelphia, caused the herring to be attached by the sheriff of Kings county as the property of that company in an action brought by them against Imperial Brokerage Company; that while the herring were so attached they could not be disposed of and depreciated in value and spoiled to plaintiff's damage. The Appellate Division held that the mistake in giving the owner's name was not the proximate cause of the damage.

*Virginius Victor Zipris* for appellant.
*William E. Sims* and *Leonard P. Moore* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE and ANDREWS, JJ. Absent: LEHMAN, J.

---

ISA A. DE PLEDGE, Appellant, *v.* THE CITY OF NEW YORK, Respondent, Impleaded with Another.

*Negligence — municipal corporations — streets — when defect in street not of such character as to justify finding of negligence.*

*De Pledge* v. *City of New York*, 208 App. Div. 10, affirmed.
(Argued October 8, 1924; decided October 24, 1924.)

APPEAL from a judgment, entered February 15, 1924, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff, while walking along Fulton street in the city of Brooklyn and about to cross Fulton place slipped on the curb, fell and broke her hip. The evidence showed a slight separation of the sidewalk and the curb, wherefrom the curb was two inches lower than the sidewalk with a space between the two of approximately two inches, filled in by a cement strip. The curbstone sloped five-eighths of an inch toward the gutter, which was from seven to eight and one-half inches below the curb.

The plaintiff claimed to have slipped on this point where the sidewalk and curb were joined by the sloping strip of cement. The Appellate Division held that the defect was not of such character as to justify a finding of negligence.

*William H. Hamilton* and *Thomas Gregory* for appellant.

*George P. Nicholson, Corporation Counsel (Charles J. Druhan* and *Joseph P. Reilly* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: LEHMAN, J.

---

BIRNEY BLACKWELL, Appellant, *v.* THE GLIDDEN COMPANY, Respondent.

*Contract — when alleged oral contract for commissions so indefinite as to be unenforcible.*

*Blackwell* v. *Glidden Co.*, 208 App. Div. 317, affirmed.

(Argued October 8, 1924; decided October 24, 1924.)

APPEAL from a judgment, entered March 27, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was to recover upon an alleged oral contract for commissions. The Appellate Division held that the contract, as testified to by plaintiff, was so indefinite as to be unenforcible.

*J. M. Blackwell* and *George E. Blackwell* for appellant.

*Roger Hinds* for respondent.

Judgment affirmed, with costs, on ground that plaintiff made no sales upon which he is entitled to claim and recover commissions.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: LEHMAN, J.

35