LAURA S. L. NEWHALL, Respondent, Impleaded with Another, v. MARGARET MCCANN et al., Individually and as Executors and Trustees under the Will of JAMES MCCANN, Deceased, Appellants.

(Argued April 23, 1935; decided May 21, 1935.)

*Charles H. Lane, Stephen H. Maher* and *David D. Miller* for appellants.

*Harry J. Laragh* for respondent.

FINCH, J.   Some thirty years ago vault doors were built in the sidewalk of what has now become a busy street in the city of Yonkers.   These vault doors projected above the sidewalk about an inch, and over that portion of the doors which overlapped was an iron lip or strap which rose another inch above the sidewalk, making the height of the iron lip two inches above the sidewalk. In addition, the iron lip curved over the outer edge of the doors and extended out beyond the doors an inch. The vault doors extended out into the sidewalk from the building line forty-four and one-half inches.   Against this lip the plaintiff, an elderly lady, tripped and fell, thereby sustaining the injuries for which a recovery has been allowed against the owner of the premises to which the vault appertains.

In 1909 the city of Yonkers passed an ordinance, section 21 of which revoked all licenses, permits or consents for the construction of any vault theretofore issued, in the following words:

" Sec. 21.  All existing licenses, permits or consents for the construction of any vault or cistern in the City of Yonkers heretofore granted pursuant to or by virtue of any ordinance of said city heretofore enacted or otherwise in accordance with law, are hereby repealed, vacated and annulled."

. This ordinance likewise provided that:

" Sec. 11.  All openings in the roofs of vaults shall be covered with glass set in iron frames,   *   *   *   or with iron covers having a rough surface and *rabbeted into or made flush with the sidewalk*, under penalty of a fine of twenty-five ($25.00) dollars, to be paid by the owner

of the land to which such vault shall belong, or the person making or causing the same to be made, severally and respectively." (Italics interpolated.)

In connection with the above, section 15 of the ordinance is as follows:

" Sec. 15. No application for the construction or making of any vault or cistern in the City of Yonkers or for the continued existence of any such already constructed or made, shall be granted if in the opinion of the Commissioner of Public Works the public interests require its denial."

The plaintiff sued upon a count in negligence and a count in nuisance. The trial court took away from the jury the issue of nuisance, presumably on the ground that the vault had existed for upwards of thirty years.

The court not only refused to consider as evidence the license provisions of the ordinance but also the provision requiring the vault doors to be flush with the sidewalk. This constituted error. This error becomes important by reason of the fact that unless the ordinance applied there is no evidence of negligence. (*Hamilton* v. *City of Buffalo*, 173 N. Y. 72; *Butler* v. *Village of Oxford*, 186 N. Y. 444; *Terry* v. *Village of Perry*, 199 N. Y. 79; *Lalor* v. *City of New York*, 208 N. Y. 431; *Smith* v. *City of New York*, 223 N. Y. 608; *Fessenden* v. *City of New York*, 237 N. Y. 539; *De Pledge* v. *City of New York*, 239 N. Y. 544; *Eger* v. *City of New York*, 239 N. Y. 561.)

While it is true that the above cases involved actions against municipalities, the principle applies to the facts herein. Upon this record there is no evidence apart from the ordinance to sustain an action in negligence. Since the court had instructed the jury to disregard the ordinance, there was no evidence to justify a verdict for the plaintiff. The judgment, therefore, must be reversed, but the refusal to consider the violation of the ordinance as some evidence of negligence was error, which necessitates the granting of a new trial.

The defendants urge that the plaintiff was guilty of contributory negligence as a matter of law, but obviously this was a question of fact with which we are not concerned, since there is some evidence to sustain the finding of the jury.

It follows that the judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgments reversed, etc.