MIK MELLNYCHUK, as Administrator, etc., of STELLA MELLNYCHUK, Deceased, Appellant, v. VICTOR DIANA and ANGIOLINA DIANA, Respondents.— Judgment dismissing plaintiff's complaint in an action to set aside a conveyance as in fraud of a creditor affirmed, without costs. No opinion. Hagarty, Tompkins and Davis, JJ., concur; Lazansky, P. J., and Young, J., dissent and vote for reversal and a new trial upon the ground that the determination is against the weight of the evidence. The proof was clear and convincing that the wife joined with the husband in a scheme to defraud his creditors.

ABRAHAM MILLER, Respondent, v. PAULINE SHERLING and BETTER TIMES REALTY CORPORATION, Appellants.— Judgment declaring void as against the plaintiff a conveyance of real property by defendant Sherling to defendant Better Times Realty Corporation and setting it aside unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

FLORENCE E. MONSON, Respondent, v. EDWARD P. COSTELLO, Appellant.— Pursuant to the stipulation the appeal is discontinued, without costs. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

EDWIN B. MOORE, Respondent, v. UNITED STATES CREMATION Co., LTD., Appellant.— Action for a declaratory judgment. Order denying defendant's motion to dismiss the complaint under rules 106 and 107 of the Rules of Civil Practice affirmed, with ten dollars costs and disbursements. A novel question is presented by the pleadings. We think the question should be presented on a record after trial, rather than by a motion. We hold that the plaintiff has a right to trial, expressing no opinion on the merits. The defendant may answer within ten days from the entry of the order herein. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur. [See ante, p. 734.]

LAURA S. L. NEWHALL, Respondent, v. MARGARET McCANN and Others, Individually and as Executors and Trustees of the Last Will and Testament of JAMES McCANN, Deceased, Appellants.— In an action to recover damages for personal injuries caused by a fall by slipping or stumbling over the iron doors covering a vault negligently maintained by the defendants on a sidewalk on a busy street in violation of the city ordinance in respect to their construction, judgment unanimously affirmed, with costs. (See 267 N. Y. 394.) Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ.

HENRY L. NIELSEN, Respondent, v. YETTA FLEISCHNER, Appellant, and Others, Defendants.— Order denying appellant's motion to vacate judgment of foreclosure and sale on the ground that she was not served with the summons and complaint reversed on the law and the facts, with ten dollars costs and disbursements, and matter remitted to the Special Term for the taking of oral testimony on the question of service, and for a determination thereof upon all the evidence that may be adduced. In our opinion, the sharply disputed question of service should not have been decided by the Special Term upon affidavits alone. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.