EDWIN B. MOORE, Plaintiff, *v.* UNITED STATES CREMATION Co., LTD., Defendant.

Supreme Court, Nassau County, March 11, 1936.

*Frederick C. Dowd,* for the plaintiff.

*David C. Holman,* for the defendant.

HOOLEY, J. Action to obtain a declaratory judgment and for an injunction. The declaration sought is as to the right of the defendant, a business corporation, to use its lands for the purposes hereinafter set forth, it being claimed that such use was in violation of section 78 of the Membership Corporations Law. The defendant admits that its business and the purpose for which it has acquired and intends to use the lands in question include the following uses, namely, funeral processions, cremation in furnaces of the dead bodies of men, women and children, the placing of remains after cremation in urns, niches or other receptacles suitable or desired for such remains, the erection on said land of columbaria or any other structures accessory or appurtenant to such uses and purposes, the reception and disposition of disinterred bodies from other cemeteries and the maintenance of said lands as a place set apart as a final resting place for the remains of bodies cremated as aforesaid.

It is conceded that Nassau county is one of the counties having the population specified in section 78 of the Membership Corporations Law.

The question to be decided is whether the proposed use of the defendant's land is for " cemetery purposes " as that phrase is used in sections 73 and 78 of the Membership Corporations Law. The defendant maintains that while the words " cemetery purposes " involve burial of the dead they cannot be held to include cremation of the dead and placing the remains in an urn in a niche in a columbarium. In order to properly decide what are " cemetery purposes," it is desirable to see what definitions have been given by the Legislature in the various enactments relating to cemetery corporations.

Section 60 of the Membership Corporations Law, as that section existed prior to its repeal in 1926, provided that the term " burial " included the act of placing a dead human body in a mausoleum, vault or other proper receptacle for the dead *as well as in the earth.* Section 70 of the Membership Corporations Law, added in place of section 60 in 1926, provided that the term " cemetery corporation " means any corporation organized under a general law for the burial of the dead in a grave, mausoleum, vault or other receptacle.

From the foregoing, it is clear that the Legislature clearly recognized that *interment in the ground* was not necessary to constitute a burial. It is interesting to note that section 70 of the Membership Corporations Law, which was derived from the

former section 60 thereof, omitted the definition of the word " burial," and entirely omitted the words " dead human body " and instead deals with " the burial of the dead in a grave, mausoleum, vault or other receptacle." The change in the language is significant. The evident purpose was to recognize the more general use of crematories and to bring such within the language of the statute by omitting the words " dead human body."

The actual physical act of burying a dead body in the ground is not the essential feature which characterizes a place as a cemetery. This is shown by the language of former section 60 of the Membership Corporations Law which clearly indicated that the placing of a dead human body in the earth was not necessary to constitute a burial and that a burial could take place as well in a mausoleum, vault or other proper receptacle for the dead. This is shown also by the language of the present section 70 which deals with " the burial of the dead in a grave, mausoleum, vault or other receptacle." Neither is the physical act of burial as that word is used in the statute, " of a dead human body " necessary to constitute a place a cemetery because the Legislature in substituting section 70 of the Membership Corporations Law for section 60 in 1926 omitted the reference to " the burial of dead human bodies " and instead used the phrase " the burial of the dead." This meant that no longer was it necessary that dead human bodies buried in the ground were necessary, if they ever were, to constitute a place a cemetery.

The physical act of burying a dead human body in the ground is probably one of the least objectionable features which characterize a cemetery and makes it to some extent undesirable to persons residing in the vicinity thereof. As was said by Lewis, J., in *Arthur* v. *Virkler* (144 Misc. 483): " The normal man is affected by the consciousness of death. It is not peculiar to the person of overwrought nerves or delicate taste to feel a physical reaction in the presence of death or serious injury. True, some will react to greater extremes than others, but the important fact to us in the consideration of this question is that the normal, reasonable man feels a physical reaction in such presence."

What takes place in the defendant's crematory, viz., oxidation, is practically the same process that takes place in physical tissue when a body is buried in the ground. In the one case the oxidation takes place in a few hours. In the other case it takes several years. The result is substantially the same. It may well be that to some persons the thought of burning human flesh above the ground is far more objectionable than the processes of nature operating some feet below the surface of the ground. In other

respects, there is no difference between the uses of an ordinary cemetery and the proposed uses of the land in the case at bar.

In either case there might be found the funeral procession, the oxidation, either above or below ground, the only substantial difference being in time, the placing of the remains in urns, niches or other receptacles or in the ground, the continued and perhaps perpetual care of such remains, the erection on such lands of vaults or mausolea or columbaria, the reception and disposition of disinterred bodies from other cemeteries, and the maintenance of said lands as a place for the remains of bodies cremated as aforesaid, or placed in a vault or in the ground.

The land of the defendant is surrounded by a district zoned for residential purposes. Plaintiff has lived in his present abode for many years, being the owner of forty-five acres adjoining the defendant's land. Defendant is the owner of twenty-six acres, and this twenty-six acres seem to have been zoned by the zoning authorities of the town of Oyster Bay so that there might be erected therein a crematory or mortuary over the protest of adjoining property owners.

The court is unwilling to believe that the sole purpose of the provisions of the Membership Corporations Law with respect to cemetery corporations or cemetery uses of land in Nassau county had reference merely to the public health. This is shown by the language of the Legislature in section 73 of the Membership Corporations Law, where in dealing with the consent necessary to be obtained from the board of supervisors, the section reads in part as follows: " Such consent may be granted upon such conditions and under such regulations and restrictions as the public health *and welfare* may require." The court is not interested in the hygienic superiority of cremation of dead bodies over burial in the ground. It is of the opinion that changed social conditions in urban life now tend to the protection of sensibilities. In the last few years by zoning ordinances sustained by the courts the protection of sensibilities has been intensified. The purpose of sections 73 and 78 of the Membership Corporations Law was to regulate and prohibit cemeteries in Nassau county not merely because of the public health, but because the Legislature recognized the offensive character of such a use. The court will take judicial notice of the fact that the funeral processions with their caskets and paraphernalia, the constant reminder of mortality and the thought of the passing of dead bodies are much similar to the use of premises as a mortuary or undertaking establishment which was declared in *Arthur* v. *Virkler* (144 Misc. 483) to be sufficiently objectionable to make it a private nuisance and constituted an

illegal encroachment upon the plaintiff's property rights and rendered his residence property physically uncomfortable. The Legislature had in mind in enacting sections 73 and 78 of the Membership Corporations Law the protection of Nassau county, essentially a residential community, from the presence of cemeteries with all the attendant depreciation of property values and a consequent loss of comfort and enjoyment by people in their residence properties in the vicinity thereof.

It is interesting to note that shortly after the revision of the provisions of the Membership Corporations Law relating to cemetery corporations in 1926, the Legislature in 1927 added to section 76 of the Membership Corporations Law a new subdivision, subdivision 5, which provided that a cemetery corporation might acquire additional real property and use the same for " 5. The construction and operation of a crematory and columbarium therein." Thus, the Legislature recognized that crematories and columbaria were matters connected with cemetery corporations and cemetery uses. The court is not impressed with the suggestion that the use of the words " special purposes " in the first line of section 76 aforesaid, constituting the headnote thereof, indicates that crematories and columbaria were not ordinary cemetery purposes. An examination of the other subdivisions of that section clearly indicates that all of the other subdivisions relate to uses always identified as cemetery uses from time immemorial.

Consideration has been given to the various enactments of the Legislature embodied in the Penal Law, Public Health Law, Real Property Law, Personal Property Law and Tax Law referred to by counsel for the defendant.

The court prefers to examine into the language used in the Membership Corporations Law and the definitions therein given in dealing with cemetery corporations and the use of land in Nassau county for cemetery purposes which is the subject-matter of this litigation and subject-matter of that statute to ascertain the intention of the Legislature and the proper meaning of the provisions contained in section 78 of the Membership Corporations Law in reference thereto rather than to other statutes having to do with an entirely different subject-matter from cemetery purposes.

The court finds that the defendant though not a cemetery corporation is assuming to act as such, that it intends to use the land in question for cemetery purposes contrary to the provisions of section 78 of the Membership Corporations Law.

With regard to the defense of laches on the part of the plaintiff in asserting his rights, it may be pointed out that the defendant

was well aware that its right to proceed was questioned. The opposition to its proposed use of the land was to some extent involved in the mandamus proceeding in connection with the building permit which ultimately proceeded for decision to the Court of Appeals. The question there involved is not the question before this court. It is mentioned in order to show that defendant knew of the opposition to its plans and proceeded at its peril. The doctrine of laches does not apply where defendant has acted in known and open hostility to plaintiff's rights and has been misled by no apparent acquiescence on plaintiff's part. The evidence shows that the defendant started the construction of the columbarium on or about September 23, 1935. This action by defendant definitely brought its purposes within the identical scope of the provisions of section 76, subdivision 5, of the Membership Corporations Law and of all the other provisions governing a cemetery corporation in exercising rights within Nassau county. It is well to keep in mind that plaintiff's rights will not be invaded until dead bodies are brought upon the premises. That has not happened yet. Defendant's persistence in building will not be permitted to interfere with the protection of the vested legal right of this plaintiff. The Legislature has clearly indicated that there shall be no new cemetery established in Nassau county, only additions to existing cemeteries and only then when the board of supervisors consents thereto. The defendant was chargeable with knowledge of these statutes and the meaning thereof. There can be no laches concerning public right and continuing duty. With all the effort made by statute to protect the county of Nassau from additional cemeteries, this court cannot arrive at a decision which would result in the establishment in the county under the guise of business corporations of crematories and columbaria doing practically everything any cemetery corporation would do except to keep the remains in an urn above the ground instead of in a casket below the ground, with funeral processions conveying the dead bodies of non-residents of the county wending their way through the county, it being obvious that the plans of the defendant are so extensive in character and represent such a vast outlay that it is not depending on the people of Nassau county for patronage.

The plaintiff is entitled to a declaratory judgment declaring the legal rights and relations of the parties hereto as follows:

1. The use of lands acquired by the defendant for the disposition by cremation of dead human bodies and the preservation of remains thereof after combustion in urns or any other form of receptacle will constitute a burial of the dead.

2. The defendant, a business corporation, is attempting to carry on a business permitted only to cemetery corporations organized under a general law as defined by article 9, section 70, of the Membership Corporations Law.

3. It is not conclusive of plaintiff's rights that the lands so acquired by defendant are classified by a zoning ordinance of the town of Oyster Bay permitting a crematory and mortuary as a business use thereon.

4. The business of defendant on its said lands adjoining land of plaintiff will operate to deprive plaintiff of his property rights without just compensation and in violation of his constitutional rights.

Plaintiff is entitled to relief by injunction prohibiting the erection of such crematory and columbarium on or in any part of the lands of defendant for the preservation of the remains of cremated dead bodies or as a final resting place for such remains in or on said lands, or the use of any structure, tomb, columbarium or other receptacle located or to be located thereon.

The motion made by the defendant at the close of the plaintiff's case to dismiss the complaint for failure to prove facts sufficient to constitute a cause of action, which motion was renewed at the close of the entire case, is denied with appropriate exceptions to the defendant.