H. LELAND MAGILL, Respondent, v. ORCHARD-GARDENS, INC., RICHARD GOLDSMITH, Appellants, and Others, Defendants.— Action to recover for broker's commission on the sale of real property. Judgment for plaintiff and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ.

STEPHEN H. MASON, Appellant, v. INCORPORATED VILLAGE OF MUNSEY PARK, Respondent.— Action for an injunction to restrain the village of Munsey Park from maintaining a barrier across certain streets in the village. Judgment for the defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ. [See ante, p. 633.]

EDWIN B. MOORE, Respondent, v. UNITED STATES CREMATION COMPANY, LTD., Appellant.— A permit was issued to the defendant by the building inspector for the construction of a crematory at Central Park in the town of Oyster Bay, Nassau county, under the provisions of a zoning ordinance wherein a crematory and mortuary were among the permitted uses; and the defendant commenced the construction of a crematory and columbarium on the premises it had purchased for such purpose. The plaintiff, the owner of adjoining premises, commenced this action for a declaratory judgment and for an injunction against such proposed use of the property on the ground that such use was not permissible under the provisions of sections 70, 76 and 78 of the Membership Corporations Law relating to cemeteries and under section 451 of the Real Property Law. Although there was no claim that the crematory as built and used would be a nuisance or inimical to the public health, and there was evidence on the part of the defendant that such disposition of bodies of human beings would cause no nuisance or in any way interfere with the public health, the plaintiff had a judgment on the theory, in effect, that a crematory was in fact a cemetery. The findings did not justify such a conclusion, and it was legal error to grant the judgment. The disposition of a dead body by burial and by cremation is entirely different, as is recognized by statute. (Penal Law, §§ 2211, 2215; Public Health Law, § 381; see also Burke v. New York University, 196 App. Div. 491; Abbey Land & Improvement Co. v. San Mateo County, California, 167 Cal. 434; 139 P. 1068.) We have heretofore considered the facts on prior appeals. (Matter of Leonard v. Tappen, 244 App. Div. 817; affd., 269 N. Y. 567; Moore v. United States Cremation Co., Ltd., 246 App. Div. 743.) Judgment reversed on the law and the facts, with costs, and the complaint dismissed, with costs. Findings Nos. 12 and 13 are reversed and all conclusions of law disapproved. This court finds defendant's requests as follows: Nos. 12, 32 and 61, and proposed conclusions of law Nos. 5, 6 and 7. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur. [158 Misc. 621.]

ELEANOR NEWMAN, Appellant, v. BERCU FISCHER, Respondent.— In an action in malpractice to recover damages against respondent, a dentist, for alleged negligence in treatment of appellant, order vacating appellant's notice of examination before trial affirmed, with ten dollars costs and disbursements. The appellant, on the motion to vacate, failed to show that the testimony was either material or necessary to prove the allegations of negligence contained in the complaint, and, further, the proposed examination calls for testimony to which, in our opinion, it is questionable whether the plaintiff is entitled. Young, Hagarty, Johnston, Adel and Taylor, JJ., concur.