ROBERT MERRITT KING, an Infant, by JAMES KING, His Guardian ad Litem, and JAMES KING, Individually, Respondents, v. CORA M. DREDGER and MARGARET E. KOONS, Appellants.— Appeal by defendants by permission, in an action by an infant plaintiff for damages for personal injuries and by his father for moneys expended for medical care, from an order of the Appellate Term affirming a judg-

ment of the Municipal Court of the City of New York, Borough of Brooklyn, for both plaintiffs. Order reversed on the law, judgment of the Municipal Court vacated and complaint dismissed, with costs in all courts. Infant plaintiff fell and sustained injuries when he tripped over the lock on a cellar door in the sidewalk in front of defendants' premises. The obstruction was two inches high and the accident happened at midday. The only question is whether the condition causing the accident established negligence on the part of defendants. As matter of law it did not. (*Newhall* v. *McCann*, 267 N. Y. 394.) This case does not come within the city ordinance relating to vault roofs in sidewalks. (Code of Ordinances of the City of New York, chap. 5, art. 9, § 170, subd. 4, ¶ k.) It is provided elsewhere (Code of Ordinances of the City of New York, chap. 23, art. 17, § 240, subd. 1) that the term " vault " does not include such a door as this was shown to be. The meaning of the latter ordinance is clear, and we must take it as we find it, without reading into it a meaning not intended by its language. (*Moritz* v. *United Brethrens Church*, 269 N. Y. 125, 132.) If this ordinance is to be made to apply to such a situation as is presented here, the change must be made by the city's legislative body and may not be made by the courts. (*Matter of Hering*, 196 N. Y. 218, 220.) Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.