ANNA KATZ and WILLIAM KATZ, Respondents, *v.* BORA REALTY CORP., Appellant.

Second Department, February 9, 1942.

*Stanley Zuckerman,* for the appellant.

*Martin H. Selman,* for the respondents.

PER CURIAM. Action by plaintiff wife to recover damages for personal injuries alleged to have been suffered by her as a consequence of falling on a walk in front of premises owned by the defendant, at a point six inches from the public sidewalk. Companion action of plaintiff husband for loss of services.

The imperfection of which plaintiffs make complaint was an opening in the walk one and one-quarter inches in diameter and one and one-half inches in depth. It consisted of a metal socket of

those dimensions, placed substantially flush with the sidewalk, which formerly had been used as a place into which a metal support for a canopy had been inserted. Plaintiff wife does not claim that she stubbed her foot against the lip or edge of the opening but asserts that she caught her heel therein. It was not testified that her heel was held fast, and the size of the opening was such that it would not permit the entry of the entire heel into the socket, the heel being one and one-half inches in width and one and one-quarter inches in length. The controlling rule is the same as is applicable to actions against municipalities. (*Newhall* v. *McCann*, 267 N. Y. 394, 397.) This imperfection in the sidewalk was too slight to afford a basis for a finding of negligence on the part of the defendant. (*Newhall* v. *McCann*, *supra*, and cases cited p. 397; *Stark* v. *Franklin Simon & Co., Inc.*, 237 App. Div. 42; *Shannon* v. *Bergener*, 263 id. 824.) It is common knowledge that there are innumerable similar indentations in sidewalks all over the city which are much larger than the cavity here involved, particularly in metal plates inserted in sidewalks and at sewer entrances. It is universally recognized that such minor indentations, cavities or imperfections are innocuous and do not furnish a foundation for a claim of negligence. It may not be said that a prudent person should have reasonably anticipated that the slight opening in the surface of the walk would be a source of danger, especially since there was no proof of prior accidents, although innumerable people had necessarily passed over this very place in the sidewalk.

The judgment in favor of plaintiffs should be reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs.

LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ., concur.

Judgment in favor of plaintiffs reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs.