HELEN PESSEL et al., Plaintiffs, *v.* 2074 WALLACE CORP., Defendant.

Supreme Court, Trial Term, Bronx County, March 21, 1951.

*Irving Segal* and *J. Bachkoff* for defendant.

*Sidney I. Laitman* and *L. Eichner* for plaintiffs.

KOCH, J. Plaintiffs, husband and wife, recovered judgment in this case for injuries suffered by the wife. The latter fell on a paved walk leading up to defendant's apartment building in which she and her husband were tenants, as a result of walking on a twig of a tree. At the trial, decision was reserved on motions to dismiss the complaint and to set aside the verdict.

In considering first the motions to dismiss, it will be presumed that all the elements of negligence were proved, and that the sole question is whether or not the presence in broad daylight of an unobstructed twig about the size of an ordinary lead pencil on a paved walk under or near a tree constitutes negligence as a matter of law.

It is held that so small an object in the circumstances stated does not, as a matter of law, constitute actionable negligence (*Newhall* v. *McCann,* 267 N. Y. 394, 397). To hold otherwise would render those maintaining trees, whether individuals or municipalities, for the principles of negligence in respect of each are the same (*Newhall* v. *McCann, supra*), in effect insurers, and would so impose an unbearable burden on those who seek to beautify our city streets and parks.

Beyond this I am satisfied that the verdict is against the weight of credible evidence. There is no clear showing that the twig was there for any unreasonable period of time. The testimony on the question of notice did not tie in the twig upon which plaintiff allegedly fell, with the twigs, leaves and debris said to have been present the day before the accident (*Sigety* v. *Garment Center Capitol,* 256 N. Y. 675). The day was windy. The twig might have fallen shortly before the accident or have been blown there. Plaintiff, when interviewed after the accident, by the police officer called to the scene, did not attribute her fall to the presence of the twig, and the policeman found the walk clean.

I am, therefore, constrained to hold that there was no negligence as a matter of law, and that the verdict reached was contrary to the weight of the credible testimony. The complaint is dismissed, and the clerk is directed to enter judgment accordingly.

The motions to dismiss and to set aside the verdict are therefore granted, with appropriate exceptions.